UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-147 |
| | ) | (VARLAN/GUYTON) |
| CHRIS KELSO, | ) | |
| a/k/a CHRISTOPHER THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court for consideration of Defendant's First Motion in Limine to Prohibit the Admission of Prior Convictions [Doc. 108], Defendant's Motion for Pretrial Notice of Intent to Use Evidence [Doc. 109], and Defendant's First Motion for Specific Brady Materials [Doc. 110]. These motions were filed March 29, 2007. The government filed its responses on April 13, 2007. Accordingly, these motions are now ripe for adjudication. E.D.TN. LR. 7.2.

### **Defendant's First Motion in Limine to<br>Prohibit the Admission of Prior Convictions**

Defendant moves the Court to enter an order prohibiting the admission of prior convictions. [Doc. 108]. In support thereof, Defendant argues that the prior convictions are inadmissible because they occurred more than ten years ago. In response, the government opposes Defendant's motion. [Doc. 115]. The government argues that Defendant was paroled on three

felony drug convictions on October 25, 1999, and Federal Rule of Evidence 609(b) allows evidence of a conviction to be admissible within ten years of the conviction or the release, whichever is later. Additionally, the government notes that Rule 609(b) limits admission of the prior conviction to instances where the probative value of the conviction outweighs its prejudicial effect.

> Rule 609 provides:
>
> evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

Id. at (a)(1). The Rule goes on to provide that evidence of a conviction under this rule is inadmissible if more than ten years has elapsed

> [s]ince the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Id. at (b). In its response, the government stated "Because defendant was released from custody within ten years of the date when his prior convictions will be offered into evidence pursuant to Rule 609(b), in the event the defendant takes the stand, such prior convictions are admissible under Rule 609(b)." [Doc. 115]. Additionally, the government has filed an Information and Notice of Application of Enhanced Penalties, which notes a prior conviction in Morgan County, Alabama.

2

[Doc. 124]. These two documents satisfy the requirement in Rule 609(b) that the government provide written notice of its intent to use such evidence.

Rule 609(a) clearly allows for impeachment of the accused with his prior convictions. Defendant has not carried his burden of proving that the prior convictions are more prejudicial than probative. Additionally, the government has given notice of its intent to use Rule 609 evidence, should Defendant take the stand in his own defense. Accordingly, Defendant's First Motion in Limine to Prohibit the Admission of Prior Convictions **[Doc. 108]** is **DENIED**.

### Defendant's Motion for Pretrial Notice of Intent to Use Evidence

Defendant moves the Court to enter an order requiring the government to provide Defendant with written notice of any evidence of other crimes, wrongs, or bad acts of Defendant that the government intends to introduce at trial, pursuant to Rule 404(b) of the Rules of Evidence. [Doc. 109]. The government responds [Doc. 113] by asserting that it will abide by Paragraph I of the Order on Discovery and Scheduling [Doc. 30], which provides:

> Upon request, the government shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial. Unless otherwise ordered by the Court "reasonable notice" shall be deemed to be seven (7) calendar days before trial.

Rule 404(b) of the Federal Rules of Criminal Procedure provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless

3

the Court orders otherwise. [Doc. 30, ¶ I]. Defense counsel cited no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling, with which the Government agreed to comply. Accordingly, Defendant's Motion for Pretrial Notice of Intent to Use Evidence **[Doc. 109]** is **DENIED** in light of the fact that the Order on Scheduling and Discovery adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence.

## Defendant's First Motion for Specific Brady Materials

Defendant moves the Court to enter an order requiring the government to provide Defendant with: subscriber information for telephone number (865) 755-0348; original statements and amendments of any individuals who have provide the government with statements inculpating Defendant; interview memoranda or reports which might fairly be said to be inconsistent with other evidence that the government intends to introduce in its case-in-chief; witnesses whom the government believes would give testimony favorable to Defendant; the results of scientific tests; documentary evidence; statements of any individual who has given a description regarding any person involved in the purported offenses, where the government alleges the identified person is Defendant; and, names and addresses of any individual asked to make an identification of Defendant but failed to do so. [Doc. 110]. Defendant argues that all of these materials are potentially exculpatory and within the scope of Brady materials.

The government responded in opposition. [Doc. 114]. It argues that Defendant's requests exceed the scope of Brady, and notes that the government has already turned over some Brady materials. Additionally, the government avers that it understands its duty to comply with Brady and will continue to do so.

4

The Court notes that the Order on Discovery and Scheduling [Doc. 30] specifically addresses the government's obligation to provide exculpatory information to Defendant. The Court finds that the government's duty to provide exculpatory information is sufficiently covered by the Court's Order on Discovery and Scheduling [Doc. 30] and <u>Brady</u>, which is self-effectuating. Accordingly, without some further showing of the government's non-compliance with its presently existing obligations, Defendant's First Motion for Specific Brady Materials **[Doc. 110]** is **DENIED**.

Accordingly, it is **ORDERED:**

1. Defendant's Motion in Limine [Doc. 108] is **DENIED**;

2. Defendant's Motion for Miscellaneous Relief [Doc. 109] is **DENIED**; and

3. Defendant's Motion for Release of Brady Materials [Doc. 110] is **DENIED**.

**IT IS SO ORDERED.**

                                        **ENTER:**

                                        s/ H. Bruce Guyton
                                   United States Magistrate Judge