IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-147 |
| | ) | (Varlan / Guyton) |
| CHRISTOPHER KELSO and | ) | |
| JAVIS DEAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 18, 2007, for a hearing on the United States' Motion to Continue, [Doc. 225]. Defendant Christopher Kelso was present with his counsel, Donny Young. Defendant Javis Dean was present with his counsel, Andrew Roskind. Both Kelso and Dean are detained pending trial. Assistant United States Attorney Hugh Ward was present on behalf of the government. Attorney Donald Bosch was also present at the hearing, having filed a Motion to Continue Plea [Doc. 229] on behalf of Defendant Dex Hines, in the event the trial date was continued.

In the Motion to Continue [Doc. 225], the United States asserted that a continuance of the trial date was necessary because certain witnesses could not appear for trial on January 3, 2008. Specifically, one law enforcement witness integral to the government's case has a prior personal commitment which will make him unavailable for the trial date. Also, some government witnesses are in the custody of the Bureau of Prisons and it is not anticipated that they will be transported to

the Eastern District of Tennessee in time for the trial to commence on January 3, 2008. At the hearing, the government provided more detail as to the latter basis for continuance. AUSA Ward stated that under ordinary circumstances, the prosecution would expect the prisoner witnesses to be brought to this jurisdiction within the three weeks before the trial date. In this case, however, more that one of the prisoner witnesses are only beginning their sentences. As a practical matter, this means these witnesses are in a state of transport from local detention, intermediate housing at Bureau of Prisons classification centers, or transport to destination facilities. The government argued that while these persons are in this temporary state of flux within the Bureau of Prisons, there is no secure or reliable mechanism by which they can be brought back to Knoxville for the trial. This situation is exacerbated by the fast-approaching Christmas holiday, at which time many people, including those who transport prisoners, are away from work. AUSA Ward reported that his office was not aware that these prisoner witnesses had been removed from local detention and that the Motion to Continue [Doc. 225] was filed upon discovering this problem.

Defendant Dean took no position on the request for continuance.

Defendant Kelso strenuously opposed continuance of the January 3, 2008, trial date. On behalf of Kelso, Attorney Young argued that the government had not offered sufficient reason to support a trial continuance. Attorney Young argued that the January 3, 2008, trial date was set at the time of Kelso's arraignment on the Fourth Superseding Indictment, October 25, 2007, providing ample time for the United States to get witnesses to trial. Attorney Young further argued that Kelso has been detained since the inception of this case in October 2006, and registered his client's wish to proceed to trial on the established date. Attorney Young further asserted that he did not believe

the government had cited a reason sufficient to permit tolling of the time for trial under the Speedy Trial Act.

The Court finds that under the circumstances presented, the Motion to Continue [Doc. 225] is well-taken.  Further, for the reasons stated below, the Court finds that all time between the filing of the Motion to Continue [Doc.225] and the new trial date is properly excluded from operation of the Speedy Trial Act. 18 U.S.C. § 3161, et seq.

First, the filing of the Motion to Continue [Doc. 225] on December 5, 2007, tolled the Speedy Trial Act until the motion could be heard on December 20, 2007. 18 U.S.C. § 3161(h)(1)(F).

Second, the Court finds that the reasons offered by the government in support of continuance fall squarely within the language of the Speedy Trial Act itself.  The Speedy Trial Act addresses requests for continuance because witnesses cannot appear at trial, but distinguishes between "available" witnesses and "unavailable" witnesses.  As a general matter, under ordinary circumstances, the Speedy Trial Act prohibits a trial continuance because the government has not secured the presence of available witnesses.  The Speedy Trial Act expressly states that:

> No continuance under subparagraph (A) shall be granted because of general congestion on the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161(C).

As to unavailable witnesses, however, the Act provides that time shall be excluded from computation

for:
> Any period of delay resulting from the absence or unavailability of the defendant or essential witness....a defendant or essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence...

3

18 U.S.C. § 3161(h)(3)(A) and (B).

Given the statements made by AUSA Ward in support of continuance, the Court finds that the government's prisoner witnesses are unavailable for purposes of the Speedy Trial Act. Their unusual status as recent entrants to the Bureau of Prisons creates a singular situation beyond the control of the Office of the United States Attorney for the Eastern District of Tennessee. See accord, Barker v. Wingo, 407 U.S. 514, 531 (1972) ("A valid reason, such as a missing witness, should serve to justify appropriate delay.") Because the unavailability of these witnesses cannot be attributed to the prosecution, the Court also finds that a failure to grant a continuance would be likely to make the proceeding impossible or would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(I). Because the United States would be unjustifiably deprived of essential witness testimony at trial, the Court finds that the ends of justice served by granting a brief continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). See, United States v. Nelson, 238 Fed. Appx. 65 (6th Cir. 2007)(continuance of 49 days for government to procure prisoner witness from another state served the ends of justice).

Accordingly, the United States' Motion to Continue, **[Doc. 225]** is **GRANTED**. The trial of this matter is reset to commence on **February 19, 2008, at 9:00 a.m.** before the Honorable Thomas A. Varlan United States District Judge. This Court will conduct a Pretrial Conference on **February 11, 2008, at 9:30 a.m.** All time between the filing of the Motion to Continue and the new trial date is fully excludable from operation of the Speedy Trial Act for the reasons set forth above. 18 U.S.C. § 3161, et seq. Evincing an agreement between the United States and Defendant Dex Hines to enter a change of plea before the District Court on the date of trial, Defendant Hines'

4

Motion to Continue Plea **[Doc. 229]** is **GRANTED**, and further proceedings in his case are continued to **February 19, 2008.**

    **IT IS SO ORDERED.**

                                        ENTER:

                                        s/ H. Bruce Guton
                                  United States Magistrate Judge