# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,         )
                                )      No. 3:06-CR-147
V.                              )
                                )      (VARLAN/GUYTON)
CHRISTOPHER KELSO, and          )
JAVIS DEAN,                     )
              Defendants.        )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on November 3, 2008, on Defendant Dean's First Motion to Continue the Trial of this Matter [Doc. 278], filed on October 28, 2008. Assistant United States Attorneys Hugh B. Ward, Jr., and Tracee Plowell appeared on behalf of the government. Attorney Andrew S. Roskind represented Defendant Dean, and Attorney R. Dee Hobbs represented Defendant Kelso. Both defendants were present.

In his motion, Defendant Dean seeks to continue the November 10, 2008 trial date because his attorney needs additional time to receive records from the Blount County Jail and to interview potential witnesses, whose locations were only recently determined. The government opposes [Doc. 280] the requested continuance, contending that it and the public have a right to a speedy trial and that it has already gone to considerable expense in bringing out-of-town witnesses to testify at trial.

At the hearing, Attorney Roskind reiterated that consultation with the potential witnesses is necessary to the effective representation of Defendant Dean. As he suggested in his motion, he

1

pointed out that the government could choose to try Defendant Kelso separately on the scheduled trial date in order to avoid the expense of bringing the witnesses related to Kelso twice. Attorney Hobbs stated that Defendant Kelso was ready to proceed to trial on November 10 and that the most appropriate relief appeared to be severing the trial of the two defendants. The government adamantly opposed a continuance of the trial or a severance of the defendants. It asserted that Defendant Dean had been indicted just over a year ago and that defense counsel had enjoyed ample opportunity to investigate the case.

After considering the positions of the parties, the Court finds Defendant Dean's motion to continue to be well-taken. The Court finds the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court accredits defense counsel's statement that he has only recently discovered the location of potential fact witnesses, who could be vital to the defendant's case. Defense counsel needs time to interview these witnesses and to prepare for trial in light of the information he gathers from them. The Court finds that the failure to grant a continuance would deprive counsel for Defendant Dean of the reasonable time necessary to prepare effectively for trial despite his due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Moreover, the Court notes with regard to Defendant Kelso that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a

codefendant must be reasonable. <u>Henderson v. United States</u>, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(7):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

<u>United States v. Monroe</u>, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. <u>See id.</u>

In the present case, Defendant Kelso stands indicted [Doc. 196] with Defendant Dean, and no motion for severance has been filed.[1] Accordingly, delay attributable to Defendant Dean is presently excludable as to Defendant Kelso as long as it is reasonable. <u>See</u> 18 U.S.C. § 3161(h)(7); <u>see also</u> <u>United States v. Snelling</u>, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court has already found that a continuance of the November 10, 2008 trial date was necessary to give defense counsel for Defendant Dean time to interview witnesses and prepare for trial. The Court finds that the three-month delay in trial attributable to Defendant Dean is reasonable given that the witnesses in question have only recently been located.

The Court finds that all the time between the **November 3, 2008** hearing and the new trial

---

[1]The Court notes that it does not take Defendant Dean's suggestion that the United States could try the two codefendants separately if it so chose to be a motion to sever.

3

date of **February 3, 2009**, is fully excludable time under 18 U.S.C. § 3161(h)(7), -(8)(A)-(B).

Regarding further scheduling, the Court set a pretrial conference for **January 27, 2009, at 11:00 a.m.** For the benefit of all parties, the Court restates its policy that counsel desiring to file a motion, other than a motion *in limine*, beyond the filing deadline must move for leave to do so.

Accordingly, it is ordered:

(1) Defendant Dean's First Motion to Continue the Trial of this Matter [**Doc. 278**] is **GRANTED**,

(2) The trial of this matter is reset to commence on **February 3, 2009**, at 9:00 a.m., before the Honorable Thomas A. Varlan, United States District Court Judge,

(3) All time between the **November 3, 2008** hearing and the new trial date of **February 3, 2009**, is fully excludable time for speedy trial purposes as set forth above, and

(4) The pretrial conference in this matter is set for **January 27, 2009, at 11:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge