UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-147 |
| | ) | (VARLAN/GUYTON) |
| CHRISTOPHER KELSO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court for consideration of the Report and

Recommendation ("R&R") entered by United States Magistrate Judge H. Bruce Guyton on

September 24, 2008 [Doc. 270]. Defendant Christopher Kelso filed objections to the R&R

[Doc. 273], which the Court will consider *de novo*.

Defendant Kelso is charged with one count of trafficking in illegal drugs, one count

of money laundering, and one count of conspiracy to harm a witness against him in this case.

[*See* Doc. 196.] Defendant filed a motion to suppress all evidence seized pursuant to the

October 18, 2006 stop and search of a car he was driving. [Doc. 259.] Following an

evidentiary hearing on the motion, Magistrate Judge Guyton entered a R&R recommending

that the motion to suppress be denied. [*See* Doc. 270.]

## I.    STANDARD OF REVIEW

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of

those portions of the R&R to which defendant objects. In doing so, the Court has carefully

considered Magistrate Judge Guyton's R&R [Doc. 270], the underlying briefs [Docs. 259; 260; 261], defendant briefs regarding the pending objections [Docs. 273; 274; 275], and the government's response to defendant's objections [Doc. 279].  For the reasons set forth herein, the Court will overrule defendant's objections, and the motion to suppress will be denied.

## II.    ANALYSIS

### A.    Indicia of Reliability

Defendant objects to the reliability of the Affidavit of Drug Enforcement Administration Agent Michael Todd Lee ("Agent Lee") [Doc. 261-2] on the ground that it contains inaccurate information regarding the ownership and control of the vehicle defendant was driving when he was stopped.  Defendant states that the while the affidavit states that the vehicle belonged to Dex Hines, the vehicle was actually owned by Sheila Kelso, defendant's wife and was operated by defendant at the time of the stop.  This argument was not specifically addressed by the government or in the R&R.

The only statement in the affidavit that could be read as suggesting that Hines owed the vehicle in question is the following: "Seized from Hines' [sic] vehicle was a bag containing a large quantity of United States Currency . . . "  Defendant admits that Mr. Hines was a passenger in the vehicle owed by Ms. Kelso and driven by defendant.  [*See* Docs. 260; 274.]  The Court does not find that this statement in the affidavit is necessarily inaccurate as it could have been meant as a means of distinguishing the car carrying Shermond Alsup from the car carrying defendant and Hines rather than a statement of ownership.  However, even

2

if Agent Lee meant to identify ownership by the statement in the affidavit, ownership is an unimportant detail of the affidavit and immaterial to the probable cause finding and, therefore, such a minor inaccuracy does not impact the reliability of the substance of the affidavit.

### B. Reasonable Suspicion for the Stop

Defendant objects to Magistrate Judge Guyton's conclusion that the stop of defendant's vehicle was supported by reasonable suspicion. Defendant argues that the information contained in Agent Lee's affidavit does not constitute articulable suspicion of criminal activity on the part of defendant and, therefore, the stop was unconstitutional. [*See* Doc. 274.]

Law enforcement officers may perform brief investigatory stops of persons or vehicles if the totality of the circumstances give the officers reasonable suspicion to believe that criminal activity "may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). "An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). As the Court discusses below, the agents had probable cause to believe that defendant was involved in criminal activity and that fruits of such activity would be found in his vehicle. Because reasonable suspicion is a lower standard than probable cause, see *Arvizu*, 534 U.S. at 273, for the same reasons the Court finds probable cause, the Court finds that the agents had reasonable suspicion to stop defendant's vehicle.

## C.    Probable Cause for the Search

Defendant objects to Magistrate Judge Guyton's conclusion that the stop and search of defendant's vehicle was supported by probable cause. Defendant argues that the search was not justified because the facts in the case do not support a finding of probable cause that the vehicle contained contraband. [*See* Docs. 274; 275.] Defendant further argues that the warrantless search of the vehicle was not justified because defendant did not give consent to law enforcement agents to search and there were no exigent circumstances. [*See* Doc. 274.] The government responds arguing that Agent Lee's affidavit contained sufficient information supporting probable cause. [*See* Doc. 279.]

Police officers may conduct a warrantless search of a automobile if the officers have probable cause to believe that the vehicle contains contraband. *See, e.g.*, *Carroll v. United States*, 267 U.S. 132 (1925). In such a case, officers may search the entire vehicle and any containers located within it. *United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993) (citing *California v. Acevedo*, 500 U.S. 565, 579-80 (1991)). The test for probable cause is "whether there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lumpkin*, 159 F.3d 938, 986 (6th Cir. 1998).

The information contained in Agent Lee's affidavit was sufficient for agents to have probable cause to believe that defendant was engaged in criminal activity and that evidence of that activity could be found in the vehicle he was driving. Agents obtained evidence from intercepted wire communications, which was corroborated by observed activity, and indicated that Alsup, Hines, and defendant were involved in a conspiracy to distribute

4

cocaine. A conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 requires "(1) an agreement between two or more individuals to distribute (2) illegal drugs such as cocaine, with (3) intent to distribute." *United States v. Benton*, 852 F.2d 1456, 1465 (6th Cir. 1988). An intent to distribute may be inferred from large quantities of drugs. *United States v. Faymore*, 736 U.S. 2d 328, 333 (6th Cir. 1984).

Agent Lee reports that legally intercepted wire communications revealed that Shermond Alsup and Dex Hines were planning to obtain seven kilograms of cocaine from a supplier in Atlanta, Georgia. [Doc. 261-2.] The intercepted communications indicated that the supplier would send a transporter from Atlanta to meet Alsup, Hines, and their transporter somewhere between Atlanta and Knoxville, Tennessee to exchange the cocaine for money. [*Id.*]

Agent Lee's affidavit states that on October 18, 2006, Agent Lee and other law enforcement authorities followed Alsup from Knoxville to a Waffle House in or near Chattanooga, Tennessee. [*Id.*] The agents saw Alsup meet Hines and defendant Kelso in the restaurant. [*Id.*] While they were in the restaurant, other law enforcement agents intercepted calls between Alsup and the Atlanta supplier indicating that the Atlanta transporter would soon be arriving at a designated location to meet Alsup, Hines, and defendant to exchange money for cocaine. [*Id.*]

Law enforcement agents then observed Alsup, Hines, and defendant leave the Waffle House and go to an apartment complex. [*Id.*] Agents intercepted additional wire communication in which Hines warned Alsup that he believed that they were being watched

5

by law enforcement and needed to cancel the deal. [*Id.*] Shortly thereafter, law enforcement agents stopped two cars, one containing Alsup and the other containing Hines and defendant. [*Id.*] Agents seized a bag containing between $130,000 and $140,000 in U.S. currency from defendant's vehicle. [*Id.*] Defendant admits that he was driving this vehicle at the time it was stopped and that Hines was a passenger. [Docs. 260; 274.]

Agents had probable cause to believe that they would find either money or cocaine inside of defendant's vehicle, regardless of whether the deal was cancelled. The intercepted communications indicated that money would be exchanged for cocaine at the designated location. [Doc. 261-2.] Thus, there was a fair probability that defendant's vehicle contained either money to be used to purchase the cocaine or the cocaine obtained from the exchange.

Defendant attempts to distinguish *United States v. Ross*, 456 U.S. 798 (1982), arguing that the facts in this case do not rise to the level of those supporting the probable cause finding in *Ross*. The Supreme Court in *Ross* held that, if law enforcement officers have probable cause to believe that a vehicle contains contraband, they may conduct a search as thorough as a magistrate could authorize in a warrant. *Id.* at 800. Defendant cites the following facts in *Ross* supporting the stop:

> (1) a reliable informant contacted police department, describing the defendant's vehicle, the location of the vehicle, and the defendant, and stating that he had just seen the defendant complete a drug sale; (2) at the scene, a license and computer check revealed that the matching car was registered to a person fitting the defendant's description; and (3) five minutes later, police officers observed the vehicle being driven by the defendant and stopped the vehicle.

[Doc. 275 (citing *Ross*, 456 U.S. 798).]

Defendant seems to suggest that the agents in this case only had evidence that he was associating with individuals involved in a potential drug deal and not that he was involved in any illegal activity himself. [*See* Doc. 275.] To the contrary, agents had enough information to give them probable cause to believe that defendant was Alsup and Hines's transporter of the cocaine or was otherwise involved in the exchange of cocaine for money. Specifically, agents intercepted wire communications, which showed that Alsup and Hines were planning to obtain a large quantity of cocaine from a supplier in Atlanta with the assistance of a transporter. [Doc. 261-2.] Alsup, Hines, and defendant were observed together at a restaurant between Knoxville and Atlanta. [*Id.*] During this time, agents intercepted ongoing communications between Alsup and the Atlanta supplier indicating that the cocaine would be at a designated location in 15 minutes. [*Id.*] Alsup, Hines and defendant left the restaurant and went to an apartment complex. [*Id.*] Further intercepted communications revealed that Alsup and Hines continued to discuss the drug transaction during this time. [*Id.*] Based upon the discussions that necessarily took place in front of defendant, and the fact that there was no other individual present to serve as a transporter, the Court determines that the agents had probable cause to believe that defendant was involved in the drug transaction.

Finally, despite defendant's argument that the search was illegal because defendant did not give consent and there were no exigent circumstances, there is no exigency requirement for the warrantless search of a readily mobile vehicle. *See Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)) ("If

7

a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.").  Thus, a warrantless search was permissible under the circumstances in this case without consent or exigent circumstances.

## III.    CONCLUSION

The Court finds that the stop and search of the car driven by defendant was supported by probable cause and defendant's objection is **OVERRULED**.  For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 270] of Magistrate Judge Guyton, and defendant's motion to suppress [Doc.259] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8