UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-147 |
| | ) | (VARLAN/GUYTON) |
| CHRISTOPHER S. KELSO and | ) | |
| JAVIS DEAN, | ) | |
| | ) | |
| Defendants. | ) | |

**PRETRIAL ORDER**

This action came before the Court for a pretrial conference on February 18, 2009. Assistant United States Attorney Hugh B. Ward, Jr., was present as counsel for the government. Attorney R. Dee Hobbs represented Defendant Kelso, and Attorney Norman D. McKellar was present for Defendant Dean. The following actions were taken.

**I.**

Counsel argued the Government's Motion to Exclude Defendant Kelso's Proposed Expert Testimony [Doc. 294]. The Court has now ruled on that motion. There are no pending motions in this case.

**II.**

Trial procedures to be followed in this case are as follows:

(a) **Jury Selection**. The Court will conduct a preliminary voir dire examination of

the jury, and then counsel will be permitted to conduct voir dire examination. The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel ask improper questions or if the proceedings are unnecessarily prolonged.

(b) **Peremptory Challenges**. The defendants cumulatively shall have ten (10) peremptory challenges and the government shall have six (6).

(c) **Novel Legal Issues for the Court**. No novel or unusual legal issues were identified as of the time of the pretrial conference.

(d) **Novel Evidentiary Issues for the Court**. Counsel for Defendant Kelso raised the possibility of filing a motion in limine to exclude the testimony of Special Agent Michael Todd Lee. Defense counsel was advised to file a written motion expeditiously if he chose to pursue this matter.

(e) **Special Requests for Jury Instructions**. If counsel have any special requests for instructions to the jury, the same shall be filed on or before **February 25, 2009**.

(f) **Admissions and Stipulations**. Counsel should meet in advance of trial and carefully review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Any admissions and stipulations of fact to be used at trial shall be signed by the defendant's attorney and the defendant and filed at least three (3) working days before trial.

(g) **Courtroom Decorum**. Counsel are encouraged to familiarize themselves with Local Rule 83.3 and ensure that their clients are familiar with the contents of this rule.

## III.

This case will proceed to trial before the Honorable Thomas A. Varlan and a jury, to commence at **9:00 a.m. on March 2, 2009**.

If counsel have any objections to this Pretrial Order, such objection should be taken up pursuant to Local Rule 72.4(b), EDTN.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge