UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CR-147 |
| | ) | (VARLAN/GUYTON) |
| CHRISTOPHER S. KELSO, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case was before the Court on the Motion of Christopher Kelso ("Kelso") for New Trial Based on Grounds of Newly-Discovered Evidence (the "second motion for new trial") [Doc. 377]. The United States responded in opposition [Doc. 380]. A sentencing hearing for Kelso was held on December 4, 2009. Prior to the sentencing hearing, the parties submitted oral argument to the Court on the second motion for new trial [*See* Minutes, Doc. 383]. After considering the second motion for a new trial, the responsive pleadings, the relevant documents and exhibits, the oral arguments of the parties, and the relevant law, the Court **DENIED** the second motion for new trial [Doc. 377] and proceeded to sentencing. This memorandum opinion follows that order of December 4, 2009.

**I. Background**

This criminal case involves charges of conspiracy to possess with intent to distribute cocaine and money laundering. The fourth superceding indictment[1] ("the indictment")

---

[1] The Fourth Superseding Indictment, filed on October 16, 2007 [Doc. 196].

charged Kelso and co-defendant Brent Devonn Ooten ("Ooten") with conspiracy to possess with intent to distribute cocaine (Count One) and money laundering (Count Two) [Doc. 196]. The indictment also charged defendant and co-defendant Javis Dean ("Dean") with conspiracy to harm a witness (Count Three) [*Id.*]. Prior to trial, Ooten pled guilty to Count One and Kelso and Dean proceeded to a five-day jury trial before the Honorable Thomas A. Varlan, United States District Judge.

At the close of the government's proof, defense counsel for Kelso made a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The Court denied the motion. At the close of all proof, defense counsel for Kelso renewed the Rule 29 motion. The renewed motion was also denied by the Court. The jury returned a verdict, finding Kelso guilty of conspiracy to distribute and possession with intent to distribute five (5) kilograms or more of cocaine (Count One) and guilty of conspiracy to commit money laundering (Count Two). The jury found Kelso and Dean not guilty of conspiracy to harm a witness (Count Three).[2]

Following the trial, Kelso filed the first motion for new trial (the "first motion for new trial") [Doc. 322], pursuant to Federal Rule of Civil Procedure 33. In the first motion for new trial, Kelso raised six arguments: (1) that the Court erred in denying Kelso's pretrial motion to suppress; (2) that the Court erroneously excluded the testimony of Kelso's expert on the effect of the sentencing guidelines on testifying witnesses; (3) that the Court erred in

---

[2]Dean was only charged in Count Three of the indictment, conspiracy to harm a witness [Doc. 196]. Along with Kelso, Dean was found not guilty of this charge [Doc. 321].

denying Kelso's motions of acquittal; (4) that the verdicts at trial were against the weight of the evidence; (5) that under the totality of the circumstances, Kelso did not receive a fair trial; (6) and that the panel from which the jury was chosen did not represent a fair cross-section representation of minority persons [Docs. 322, 323]. On October 21, 2009, in a written memorandum and order, the Court denied the first motion for a new trial [Doc. 374].

A sentencing hearing was set for December 4, 2009. On December 2, 2009, Kelso filed the second motion for new trial [Doc. 377], requesting a new trial on grounds of newly discovered evidence. The government filed a response in opposition [Doc. 378]. At the sentencing hearing on December 4, 2009, the parties submitted oral arguments and exhibits to the Court [*See* Minutes, Doc. 383]. The Court denied the second motion for new trial and this memorandum opinion follows that order.

## II. Analysis

In the second motion for new trial, Kelso argues for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1), arguing that he is entitled to a new trial on grounds of newly discovered evidence. Fed. R. Crim. P. 33(b)(1). Kelso also argues that Federal Rule of Evidence 615, the rule of evidence pertaining to the sequestration of witnesses, was violated and that the only appropriate relief would be a new trial. Finally, Kelso raises the possibility of a *Brady* violation. The government responded in opposition.

### A. Federal Rule of Criminal Procedure 33(b)(1)

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

3

Fed. R. Crim. P. 33.  Whether to grant a Rule 33 motion is left to the sound discretion of the district court.  *United States v. Wheaton*, 517 F.3d 350, 361 (6th Cir. 2008).  In a Rule 33 motion, the defendant bears the burden of proving that a new trial should be granted.  *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).  Amos has based his second motion for new trial on grounds of newly discovered evidence.  Fed. R. Crim. P. 33(b).  To obtain a new trial on this basis, a defendant must show that: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.  *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986); *see United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982), *cert. denied*, 461 U.S. 945 (1983).

### 1. The Newly Discovered Evidence

The newly discovered evidence that is the basis for Kelso's argument consists of information that witnesses who testified for the government at Kelso's trial discussed and corroborated their trial testimony while confined in the holding cells at the courthouse during trial.  In support of this newly discovered information, Kelso attached an affidavit [Doc. 379], by himself, in which he describes being told about these holding cell discussions by Shermund Alsup ("Alsup"), a co-defendant who was charged, along with Kelso, in the initial indictment in this case [*See* Doc. 29].  Alsup pled guilty prior to Kelso's trial [*See* Doc. 123] and testified for the government at Kelso's trial.  At oral argument of the second motion for new trial, Kelso submitted a second affidavit by Bobby McClure ("McClure").  McClure,

4

who was being held in the same location at the courthouse at the time of Kelso's trial, states that he "overhead conversations being held by other Federal Inmates in the holding cell next to mine during Chris Kelso's trial." [Mot. Hearing, Def. Ex. 1].

In Kelso's affidavit, he states that he spoke with Alsup following the verdict and Alsup told him of discussions Alsup had with Dexter Hines ("Hines"), another co-defendant who also pled guilty [*See* Doc. 130] and testified for the government against Kelso [*See* Doc. 379]. Alsup told Kelso that these discussions took place while Alsup and Hines were both confined in the holding cells at the courthouse during Kelso's trial [*Id.*]. Alsup testified before Hines at the trial [*Id.*]. According to Kelso, the conversations between Alsup and Hines occurred following Alsup's testimony but before Hines testified [*Id.*]. Kelso also states that Alsup told him that Alsup and Hines discussed several aspects of their trial testimony, enabling Hines to corroborate his testimony with Alsup's [*Id.*]. Kelso also states that he personally noticed, during the trial, that Alsup and Hines were confined in close proximity to each other and were able to communicate freely [*Id.*]. In McClure's affidavit, he states that during Kelso's trial, he heard several witnesses discuss their testimony in the holding cells [Mot. Hearing, Def. Ex. 1]. McClure names several of these witnesses, but states that there were others with whom he was not familiar [*Id.*]. McClure does not name Alsup or Hines [*Id.*].

Kelso asserts that the ability of Alsup and Hines to communicate during trial was "highly improper" and a violation of due process. Kelso also argues that this information constitutes "newly discovered" material evidence that was discovered after trial and could

5

not have been discovered earlier with due diligence. Accordingly, in light of this evidence, Kelso argues that the only appropriate relief would be for the Court to order a new trial.

### 2. Analysis Under Federal Rule of Criminal Procedure 33(b)

Taking the information in Kelso's affidavit and McClure's affidavit as true, Kelso cannot meet the stringent standard required by a Rule 33(b) motion. Fed. R. Crim. P. 33(b); *O'Dell*, 805 F.2d at 640 (stating that under Rule 33, a defendant must show that the newly discovered evidence "would likely produce an acquittal"); *United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997) (stating that the Rule 33 standard is more stringent then the standard required by *Brady*). As stated above, in order to prevail on a Rule 33(b) motion on grounds of newly discovered evidence, a defendant must show four elements. Kelso has satisfied the first two elements required for a Rule 33(b) motion: (1) that evidence of the discussions between Alsup and Hines was discovered after trial, and (2) that the evidence could not have been discovered earlier with due diligence. However, Kelso has failed to satisfy the final two elements.

### 3. The Newly Discovered Evidence Must be Material

Kelso has not shown that evidence that Alsup and Hines discussed their trial testimony reaches the level of materiality required for a Rule 33(b) motion. The third element of a Rule 33(b) motion requires that the newly discovered evidence be material and not merely cumulative or impeaching. *See O'Dell*, 805 F.2d at 640. As Kelso himself states, Hines freely acknowledged at Kelso's trial that he made inconsistent statements on several occasions, including to federal agents [Doc. 378, p. 4]. In considering Hines' testimony, the

6

jury was presented with a witness whose credibility had been impeached by his inconsistent statements. Accordingly, even without this evidence of discussions between Alsup and Hines, Hines was certainly not "unimpeachable" or a witness whose credibility was undiminished. Thus, the Court cannot find that evidence that Hines changed or corroborated his testimony to Alsup's constitutes material evidence of the type contemplated by a Rule 33(b) motion. Rather, the Court finds that this evidence is merely cumulative and impeaching.

Kelso addressed a similar issue in his pretrial motion [Doc. 293] when he moved to admit the expert testimony of attorney John Eldridge ("Mr. Eldridge"). Kelso sought to have Mr. Eldridge testify at trial regarding the sentencing practices in federal court and the effect of any downward departures under the United States Sentencing Guidelines on the sentences of cooperating witnesses. After a hearing on the government's motion to exclude Mr. Eldridge's testimony, Magistrate Judge H. Bruce Guyton issued a memorandum and order granting the government's motion and excluding the testimony [Doc. 307]. The Court found there was no error in this order [Doc. 313]. Kelso raised this issue again in his first motion for a new trial and the Court again found there was no error.

Alsup and Hines, who both entered into plea agreement prior to trial and who both testified at trial, were undoubtedly two of the witnesses whose biases caused Kelso concern. The Court noted in its prior order that Kelso was able to cross-examine the government's witnesses, including Alsup and Hines, and about the nature and extent of their cooperation with the government. The jury was fully aware of any potential biases of these witnesses and

7

was able to determine and weigh the witnesses' credibility with respect to any biases. Thus, the trial testimony of Alsup and Hines was already subject to issues of credibility relevant to their interests in testifying against Kelso. The fact that Hines may have corroborated his testimony to that of Alsup's is merely another factor that impeaches the credibility of a witness whose credibility was already limited. Accordingly, any newly discovered evidence of discussions between Alsup and Hines is not material but merely cumulative and impeaching, and thus Kelso has not satisfied the third element.

### 4. The Newly Discovered Evidence Must be Likely to Produce an Acquittal

Kelso has also failed to satisfy the fourth element, which requires that the newly discovered evidence would be likely to produce an acquittal. *See O'Dell*, 805 F.2d at 640. Kelso provided an affidavit, by himself, stating that Alsup told him about his discussions with Hines [Doc. 379]. Kelso also states that he personally heard Alsup and Hines discussing their testimony during trial [*Id.*]. McClure, in his affidavit, states that he heard witnesses in the holding cells discussing their testimony during Kelso's trial [Def. Ex. 1]. However, as stated above, the credibility of Alsup and Hines was already limited, by either their own inconsistent statements or their potential biases. Their testimony was not unimpeachable and Kelso was able to and did question these witnesses about their inconsistent statements and their possible biases.

Moreover, even without the testimony of Alsup and Hines, the government presented sufficient evidence at trial by which a reasonable jury could have convicted Kelso of the

8

charges against him. The government's evidence included testimony from law enforcement officers, Kelso's co-defendants, wiretapped conversations, phone records, and evidence of transactions that related to the underlying charges against Kelso. This evidence fully corroborated the government's proof, and the jury's verdict, and there is thus no question that the government put forward sufficient evidence to establish the elements of these charges. Accordingly, the newly discovered evidence that Alsup and Hines may have corroborated their trial testimony is not evidence that would likely produce an acquittal, and therefore Kelso has not satisfied the fourth element.

### B. Federal Rule of Evidence 615

Kelso also states that the communications between Alsup and Hines constitute a violation of Federal Rule of Evidence 615 and the appropriate relief should be a new trial. *See* Fed. R. Evid. 615 (pertaining to the sequestration of witnesses). Kelso states that he was not aware of the provisions of Rule 615 and therefore did not tell his counsel of the violation until November 2009, at which time counsel for Kelso began preparing the instant motion. Federal Rule of Evidence 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear testimony of other witnesses. Fed. R. Evid. 615. The Sixth Circuit has stated that this rule is for the purpose of preventing "the influencing of a witness' testimony by another witness." *United States v. Rugiero*, 20 F.3d 1387, 1392 (6th Cir. 1994) (citing *United States v. Gibson*, 675 F.2d 825, 835 (6th Cir. 1982), *cert. denied*, 459 U.S. 972 (1982)). However, it is well settled in the Sixth Circuit that a

9

"'violation of an order directing that witnesses be sequestered does not automatically bar a witness' testimony.'" *Rugiero*, 20 F.3d at 1394 (quoting *Gibson*, 675 F.2d at 835-36).

As to Kelso's argument that the alleged violation of Rule 615 constitutes a sufficient reason for the Court to order a new trial in this case, the Court finds that Sixth Circuit precedent is against this argument. The Sixth Circuit clearly recognizes that the purposes of Rule 615 should be enforced, such as the prevention of witness influencing, coaching, and false testimony. *See Gibson*, 675 F.2d at 825. The Sixth Circuit also notes that while violations of the sequestration rule should be avoided, for a new trial to be granted, a violation of Rule 615 must also prejudice the defendant and prevent him from receiving a fair trial. *Id.*; *see also Rugiero*, 20 F.3d at 1394. Kelso has not presented sufficient evidence of prejudice or that he did not receive a fair trial. Hines "freely acknowledged" during cross-examination that he made inconsistent statements. There was also a substantial amount of other evidence produced at trial by which a jury could have found against Kelso. Because a violation of Rule 615 does not automatically bar the testimony of a witness, and because Hines' testimony was impeached even without this evidence, the alleged violation of Rule 615 would only add another layer to Hines' already limited credibility, and thus, a new trial is not warranted.

### C. A *Brady* Violation

A defendant may also frame a request for a new trial under *Brady*. *See United States v. Jones*, 399 F.3d 640, 648 (6th Cir. 2005). To establish a violation of *Brady*, a defendant has the burden of showing that "the Government suppressed evidence, that such evidence

10

was favorable to the defense, and that the suppressed evidence was material." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007). "Material" evidence means "that there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome would have been different," and "reasonable probability" means "a probability sufficient to undermine confidence in the verdict." *Jones*, 399 F.3d at 648 (internal quotations and citation omitted).

As the United States Supreme Court has stated, "the question is not whether the defendant would more likely than not have received a different verdict with the suppressed evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Strickler v. Greene*, 527 U.S. 263, 289-90 (1999) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). Accordingly, a defendant must prove a *Brady* violation "by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435. When the government suppresses evidence that falls under *Brady*, such suppression violates due process when the evidence is favorable to the accused and "material" to guilt or innocence, regardless of the good faith or bad faith of the prosecution. *Id.* at 432; *see Brady*, 373 U.S. at 87.

As to Kelso's claim for a *Brady* violation, it is unclear exactly what acts of the government Kelso is claiming violate *Brady*. To establish a violation of *Brady*, a defendant has the burden of showing that "the Government suppressed evidence, that such evidence was favorable to the defense, and that the suppressed evidence was material." *Graham*, 484

11

F.3d at 417. Kelso does not allege that the government actually "suppressed" evidence of the discussions between Alsup and Hines or that the government even knew about these discussion. While Kelso does state, in his affidavit, that the government "willingly and maliciously housed the witnesses together for said purpose" [Doc. 379], Kelso has presented no other evidence to support this allegation. Moreover, this allegation is not repeated in the second motion for new trial or the accompanying memorandum.

Further, while this evidence, taken as true, is favorable to the defense, it is not "material" because Hines' testimony had already been impeached by other means—namely, when counsel for Kelso elicited an admission from Hines that he had previously made inconsistent statements to federal agents. Finally, and as previously noted, Hines' testimony, while important to this case, was by no means the only evidence against Kelso. The jury had evidence from law enforcement officers, wiretapped conversations, phone records, and evidence of the transactions involved in the charges. Thus, this newly discovered evidence of discussions between witnesses, even if true, is not material and does not undermine the Court's confidence in the verdict of this case.

## III. Conclusion

In sum, the Court finds that Kelso is not entitled to a new trial under Federal Rule of Criminal Procedure 33(b), that the alleged violation of Federal Rule of Evidence 615 does not constitute grounds for a new trial, and that there is no violation of *Brady*. In accordance with the Court's December 4, 2009 order, the Court has found that the Motion of Christopher

12

Case 3:06-cr-00147-TAV-HBG   Document 386   Filed 12/15/09   Page 12 of 13   PageID #: 1193

Kelso for New Trial Based on Grounds of Newly-Discovered Evidence [Doc. 377] is not well-taken and **DENIED**.

ENTER *NUNC PRO TUNC* DECEMBER 4, 2009.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE