UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:06-CR-147-TAV-HBG-6 |
| | ) |
| CHRISTOPHER KELSO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 459] and the supplemental motion filed on defendant's behalf by Federal Defender Services of East Tennessee [Doc. 471]. Defendant has also filed several supplements [Docs. 461, 463, 462, 473, 474, 476] and letters of support [Docs. 464, 466, 467]. The United States has responded in opposition [Docs. 472, 475] and has filed a supplement [Doc. 477]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motions will be **DENIED**.

**I.     Background**

On March 6, 2009, a jury found defendant guilty of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and one count of conspiracy to commit money laundering and found him innocent of the remaining witness tampering charge [Doc. 321]. Defendant received a mandatory minimum term of life imprisonment as to the drug distribution conviction and

a term of 240 months' imprisonment, to be served concurrently, as to the money laundering conviction, to be followed by a total of ten years of supervised release [Doc. 385].

Defendant is housed at USP Victorville, which currently has zero (0) active cases of COVID-19 amongst the inmates, three (3) active cases amongst the staff, and 410 staff and 2,728 inmates have been vaccinated against COVID-19.[1]  COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 15, 2021).  Defendant is forty-nine (49) years old and he does not assert that he suffers from any serious medical conditions.  Because of his life sentence, defendant is not scheduled for release.  Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 28, 2021).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).  Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons.  Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted

---

[1] The vaccination figures are for the entire Victorville complex, not just the sub-facility where defendant is housed.

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

3

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, as no policy statement applies to defendant-filed motions for compassionate release, the second requirement plays no role. *Id.*

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States waives the exhaustion requirement in this case [Doc. 477]. Thus, the Court may consider the merits of defendant's request.

4

## B. Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant offers several arguments as to how he meets the extraordinary and compelling requirement in this case. First, defendant points to the non-retroactive changes established by the First Step Act, arguing that if he were sentenced today, he would not face a mandatory life sentence for his drug conviction. Defendant also points to his rehabilitative efforts while in prison, and argues that "the acts for which defendant was sentenced were the acts of a unconscious [sic] young man" [Doc. 459, p. 4].

Starting with defendant's First Step Act argument, the Sixth Circuit has foreclosed arguments that non-retroactive changes to the law, such as the First Step Act's changes to the penalties of some drug trafficking offenses, satisfy the extraordinary and compelling requirement of compassionate release. *See United States v. Hunter*, No. 21-1275, 2021 U.S. App. LEXIS 26115, 2021 WL 3855665, at *2 (6th Cir. Aug. 30, 2021); *see also United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021), *en banc review denied*, 2021 U.S. App. LEXIS 27052, at *1 (6th Cir. Sept. 8, 2021). Specifically, the Sixth Circuit has held that "the non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—

5

cannot be used to find 'extraordinary and compelling reasons' for a sentence reduction under § 3582(c)(1)(A)(i)." *Hunter*, 2021 U.S. App. LEXIS 26115, at *12 (citations omitted). In explaining its reasoning, the Sixth Circuit stated that "courts cannot 'us[e] § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms. . . [I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced. Thus, we held that [w]hat the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Id.* (citations omitted). Thus, under Sixth Circuit precedent, it is clear that the Court cannot consider defendant's arguments that the First Step Act's non-retroactive changes constitute an extraordinary and compelling reason sufficient to grant compassionate release.

Turning to defendant's other arguments, the Court notes that rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release. *See* 28 U.S.C. §994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). While the Court recognizes defendant's efforts at self-improvement, the Court does not find that defendant's efforts satisfy the extraordinary and compelling requirement. Nor does the Court find defendant's relative youth at the time of the instant offense a sufficient reason to justify compassionate release. *United States v. Jackson*, No. 16-20460-7, 2021 U.S. Dist. LEXIS 102934, 2021 WL 2217509, at *6 (E.D. Mich. June 2, 2021) ("[Defendant's] age at the time of the

6

offense—roughly 18 to 24—is not so extraordinary that it warrants a sentence reduction."). The Court also acknowledges that defendant has submitted the letters of several people who support his request for release. However, while the Court recognizes that the defendant is receiving support, the Court does not find that support sufficient to satisfy the extraordinary and compelling requirement.

Finally, the Court notes that defendant has submitted multiple supplements which reframe his past arguments regarding: the insufficiency of the evidence at trial, that trial witnesses committed perjury, and that certain evidence should have been submitted by defendant's attorney at trial but was not [Docs. 460, 463, 476]. Both this Court and the Sixth Circuit have already considered and rejected similar arguments by defendant [Docs. 374, 386, 405, 447]. The Sixth Circuit has held that "a compassionate release motion is not the proper vehicle for arguments 'that were or could have been raised on direct appeal or in a § 2255 motion, let alone for defendants like [Toaz] who already have completed a § 2255 proceeding and who are subject to the restrictions on filing second or successive § 2255 motions.'" *United States v. Toaz*, No. 20-1561, 2020 U.S. App. LEXIS 33439, at *5-6 (6th Cir. Oct. 22, 2020). Thus, the Court finds that defendant's supplemental arguments are not the type which should be considered in a request for compassionate release, and thus do not satisfy the extraordinary and compelling requirement.

Accordingly, after considering all of defendant's arguments and the record as a whole, under the totality of the circumstances the Court finds that defendant has not

7

Case 3:06-cr-00147-TAV-JEM   Document 478   Filed 09/29/21   Page 7 of 8   PageID #: 2557

satisfied the extraordinary and compelling requirement needed for compassionate release, and his motions will be **DENIED**.

IV. **Conclusion**

For the reasons set forth more fully above, defendant's motions [Docs. 459, 471] are **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE