# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-147-KAC-JEM |
| | ) | |
| CHRISTOPHER KELSO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned on Defendant Christopher Kelso's pro se letter, requesting appointment of counsel for an appeal, which was docketed as a motion [Doc. 501] and referred to the undersigned for disposition or recommendation [Doc. 502]. *See* 28 U.S.C. § 636(b).[1] A jury convicted Defendant Kelso of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine (Count One) and conspiracy to commit money laundering (Count Two) [Doc. 385, Judgment, pp. 1–2]. Defendant received a sentence of imprisonment for life as to Count One and 240 months of incarceration as to Count Two, to be served concurrently and to be followed by ten years of supervised release [*Id*. at 3–4]. The appellate court affirmed the Judgment on Defendant's direct appeal [Doc. 405], and the Supreme Court denied his petition for certiorari [Doc. 411].

Defendant next brought several collateral attacks on his conviction and sentence. Defendant first filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

---

[1] A magistrate judge may make a recommended disposition on "applications for post[-]trial relief by individuals convicted of criminal offenses[.]" 28 U.S.C. § 636(b)(1)(B).

by a Person in Federal Custody ("§ 2255 motion") [Doc. 416], "raising multiple theories of ineffective assistance" of counsel [Doc. 447 p. 3]. The District Judge denied these claims, dismissed the § 2255 motion with prejudice, certified any appeal "would not be taken in good faith and would be totally frivolous," and declined to issue a certificate of appealability [*Id*. at 21–22; Doc. 448, Judgment]. Despite these rulings, Defendant sought to bring an untimely appeal [Doc. 451], which was denied [Doc. 457; *see also* 458 (Sixth Circuit Order dismissing Defendant's appeal of § 2255 motion)].

Defendant next brought a pro se motion to reduce his sentence under the First Step Act, 18 U.S.C. § 3582(c) ("motion for compassionate release") [Doc. 459]. This motion was supplemented by counsel [Doc. 471]. The District Judge denied this motion and supplement, finding Defendant failed to "satisf[y] the extraordinary and compelling requirement needed for compassionate release" [Doc. 478 pp. 7–8]. Four months later, Defendant filed a second pro se motion for reduction of sentence [Doc. 479].[2] This motion was also denied [Doc. 483]. Three months later, Defendant again asked the District Judge to consider him for a reduction in sentence [Doc. 484] and thereafter moved for reconsideration of the Court's denial of his compassionate release motion [Doc. 485]. While those motions were under consideration, Defendant filed another motion for compassionate release [Doc. 490] and a motion for reduction of his sentence [Doc. 493]. On April 30, 2025, the District Judge denied Defendant's four pending motions [Doc. 496].

---

[2]    The Federal Defender Services of Eastern Tennessee ("FDSET") reviewed Defendant's filing "for relief eligibility" under the First Step Act and declined to file additional pleadings [Doc. 480].

Just under a year later, Defendant filed the current letter, requesting the appointment of counsel for an appeal [Doc. 501]. Defendant states that he served nineteen years of a life sentence because a witness provided perjured testimony at trial and asserts that his name does not appear in any of the discovery for his case, nor is he named in any of the wiretap conversations [*Id*. at 1–2]. Defendant contends that he "received clemency" and is "out with 10 years [of] supervised release" [*Id*. at 2]. Defendant contends that he cannot afford to hire a lawyer and asks the Court to appoint one [*Id*.].

"[A] prisoner's post-conviction right to counsel extends only to his first appeal of right and no further." *United States v. Shah*, No. 15-CR-20585, 2021 WL 1253384, at *3 (E.D. Mich. Apr. 3, 2021) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Thereafter, "[t]he decision to appoint counsel is within the discretion of the court, and appointed counsel is only deemed necessary where the interests of justice or due process are implicated." *Id*. (citing *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)); *see also* 18 U.S.C. § 3006A(2)(B) (permitting appointment of counsel for a financially eligible defendant pursuing a collateral attack on a conviction or sentence when the court finds "the interests of justice so require").

Defendant Kelso does not demonstrate the appointment of counsel is necessary, nor does the undersigned find the interests of justice support appointment. The District Judge previously found Defendant was "capable of presenting issues to the Court without counsel" [Doc. 483 p. 1].[3] Moreover, the District Judge ruled on Defendant's last four pro se motions more than a year ago and, thus, the time for bringing an appeal of that decision has long expired. *See* Fed. R. App. P. 5(a)(2) (appeals by permission must be made within the time designated by statute or

---

[3]     The allegations that Defendant raised in this motion on July 11, 2022 [Doc. 482], are the same allegations that he raises in the current motion for counsel [Doc. 501].

3

within the time provided by Rule 4(a)); *see id*. 4(a)(1)(B) (an appeal in a civil case to which the United States is a party must be filed within 60 days of entry of the challenged judgment or order).

Accordingly, for the reasons discussed herein, the undersigned respectfully **RECOMMENDS** that the District Judge **DENY** Defendant's pro se motion for appointment of an appellate attorney [**Doc. 501**].[4] The Clerk of Court is **ORDERED** to mail a copy of this Report and Recommendation to Defendant at the return address listed on the envelope attached to his motion [Doc. 501-1].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

4